UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES JAY RADLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 14-13539-ADB |
| | * | |
| SUPERINTENDENT MARX, Essex County Correctional Facility, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court (1) dismisses claims against two defendants; and (2) orders that summonses issue as to the remaining four defendants.

I.  **BACKGROUND**

James Jay Radler ("Radler"), who is incarcerated at MCI Cedar Junction, brings this *pro se* action in which he alleges that a collection of his DNA pursuant to an out-of-state warrant was unconstitutional.

In a Memorandum and Order dated June 3, 2015 [Dkt. No. 15], the Court granted Radler's motion for leave to proceed *in forma* pauperis and ordered that a summons issue as to defendant Timothy Cashman, the detective from New Hampshire who allegedly took the DNA swab.  The Court explained that summonses would not issue as to the other defendants because Radler had not identified the role each of them had in the collection of the DNA sample.  The Court directed Radler to file an amended complaint if he wanted to pursue claims against any of those defendants.

Radler later filed an addition to his original complaint, which he titled as an "Amended Complaint" [Dkt. 23]. He maintains therein that defendants Deputy Earl, Deputy Campbell, and Deputy Carbonne were all directly involved in Detective Cashman's procurement of a sample of his DNA. According to Radler, these deputies told him that he had to submit to the DNA sample and refused his request to speak with a supervisor or call his attorney. Radler seeks to hold Assistant Superintendent Frost and Superintendent Marx liable because they denied Radler's subsequent grievances concerning the DNA sample.

**II.    DISCUSSION**

The Court will order that summonses issue as to Deputies Campbell, Earl, and Carbonne because the plaintiff has alleged that they were directly involved in the collection of the DNA sample.

However, the plaintiff has failed to state a claim upon which relief may be granted against Assistant Superintendent Frost and Superintendent Marx. Radler's only allegation of wrongdoing by these two defendants is that they denied his after-the-fact grievances. At the time he filed the grievances, the alleged constitutional violation—the taking of the DNA sample—was completed. The denial of a grievance concerning a completed constitutional violation does not give rise to a separate cause of action. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 609-610 (7th Cir. 2007) (" Only persons who cause or participate in the violations [of constitutional rights] are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." (citations omitted)).

### III.    CONCLUSION

Accordingly:

1.    The operative complaint shall consist of the original complaint [Dkt. No. 1] and the amended complaint [Dkt. No. 23].

2.    The claims against Assistant Superintendent Frost and Superintendent Marx are DISMISSED and these two individuals shall be terminated as parties to this action.

3.    A summons shall reissue as to Detective Timothy Cashman.

4.    Summonses shall issue as to Deputy Earl, Deputy Campbell, and Deputy Carbonne.

5.    Because Radler has already mailed to the Clerk the forms and documents for service, the Clerk shall deliver to the United States Marshals Service the summonses, forms for service, the operative complaint, and this order for service on each defendant. As the Court has already allowed Radler to proceed *in forma pauperis*, the United States Marshals Service shall complete service with all costs to be advanced by the United States.

6.    Service must be completed within 120 days of the date of this Order.

IT IS SO ORDERED.

| | |
|---|---|
| 10/9/2015 | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |